## The Stoddard Woolen Manufactory *vs.* Huntley.

An agreement by a clothier to dress what flannel should be furnished by the other party during the year, and to receive his pay quarterly, is a waiver of a lien on the cloth ; and if some of the cloth remains in his hands at the end of the quarter, he is not entitled to retain it for the price of dressing.

Trover, for 1000 yards of white woolen cloth—alleged to have been converted by the defendant, December 30, 1835.

The action was, by the agreement of the parties, submitted to the determination of three referees, who made a special report, setting forth that the defendant, who is a clothier, on the 11th of June, 1835, entered into an agreement with the plaintiffs' agent to dress what flannels they should make that year—to bale them, on the agent's finding twine, paper, and sacking—the flannels to be finished as fast as they were manufactured—and the agent to pay for finishing once in three months.

Under this agreement flannels had been dressed by the defendant and received by the plaintiffs.

Prior to the 11th December, 1835, the defendant had dressed and finished two bales, which remained in his possession ; and between the 25th and 30th the agent of the plaintiffs called for the flannels, having previously sent a teamster for them, but the defendant declined delivering them until he received his pay for dressing, which it was admitted had not been paid.

The referees, believing the law upon these facts was with the plaintiffs, made a report in their favor.

*Chamberlain*, for the plaintiffs.

*Wilson*, for the defendant.

PARKER, J.   The question, to be settled in this case, is, whether the defendant had a lien upon the goods in his hands at the time of the demand, and thus a right to hold them until he was paid for the work and labor bestowed upon them, or whether, by agreeing to receive his pay quarterly, he had waived the right to insist upon such lien.

No question is made, but that the defendant would have had a right to retain the goods for his pay, had he contracted generally to do the labor without time stated for payments. An agreement for the price does not discharge a lien.   *Metcalf's Yelv.* 67, *note ; 7 Taunt.* 14, *Hutton* vs. *Bragg, per Gibbs, C. J. ; 4 Camp.* 150, *note.*

The general principle is that an agreement to give credit, or a special contract, for a particular mode of payment, inconsistent with a lien, is a waiver of it.   *Metcalf's Yelv.* 67, *in note ; 4 Camp.* 146, *Raitt* vs. *Mitchell ;* 16 *Vesey* 280, *Cowell* vs. *Simpson ;* 18 *Johns. R.* 157, *Chandler* vs. *Belden ; 4 Vermont Rep. 549, Hutchins* vs. *Olcutt ;* 4 *Wendell* 296.

The operation of a lien is to place the property in pledge for the payment of the debt ;  and where the party agrees to give time of payment, or agrees to receive payment in a particular mode, inconsistent with the existence of such a pledge, it is evidence, if nothing appears to the contrary, that he did not intend to rely upon the pledge of the goods, in relation to which the debt arose, to secure the payment.

In this case the defendant contracted to dress the flannels, and to receive his pay quarterly—but the flannels, as fast as they were dressed, were to be delivered to the plaintiffs, whenever they called.   This was the legal effect of the contract, and the mode pursued by the parties.  As to all the flannels, then, which were demanded by the plaintiffs within each quarter, no lien could attach, because the plaintiffs had a right to receive them as soon as dressed, while the price of the defendant's labor upon them would not be due until the expiration of the quarter.

Had these flannels been demanded prior to the 11th of December, the defendant could have had no claim to retain them as a pledge for the payment, for there would have been a present duty to deliver, while the time of payment had not arrived.   18 *Johns.* 162.

If, then, the defendant can sustain a defence, it must be because the flannels now in question were not demanded before the expiration of the quarter, and remained in his hands until payment became due.

But we think this circumstance cannot alter the case.   If such defence was maintained, it must be upon the ground that by the original contract the defendant had a conditional lien, depending upon the accidental circumstance whether any of the goods might happen to be in his hands at the expiration of a quarter, or upon the ground that, although the contract to give credit, and receive payment quarterly, was in the first instance a waiver of the lien, yet, when, at the expiration of the quarter, goods remained in his hands, the lien revived or attached upon such goods.

We find nothing to justify us in supporting a lien upon either ground.   There is nothing in the contract itself to show that the parties contemplated any conditional lien, nor any thing in the cases to support a lien dependent upon the accidental circumstance of goods remaining in the possession of a party when the time of payment arrives, where a credit has once been given.

*Judgment for the plaintiffs.*